IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Victor C. CAIRO, Attorney at Law.

Supreme Court

*No. 83–554–D. Filed October 11, 1983.*
(Also reported in 338 N.W.2d 702.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

On March 25, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging the following counts of unprofessional conduct against Victor C. Cairo, an attorney licensed to practice law in Wisconsin since 1938 and who practices in Racine:

(1) In an estate for which he was retained to act as attorney in 1980, the respondent demanded and received the sum of $15,000 from the widow of the decedent as attorney fees for services rendered and to be rendered in the estate. The respondent told the widow not to disclose to the personal representative, a financial institution, of the payment, and he told her that any other lawyer would charge her $25,000 for handling the estate. Subsequently, the personal representative retained another attorney, who wrote to the respondent demanding the return of the $15,000, which the respondent refused. The widow then petitioned the probate court for review

of the attorney fees charged by and paid to the respondent, and she was represented by the attorney for the estate. The respondent neglected and refused to attend the hearing on the matter, and the court temporarily restrained him from disposing of the funds and required him to deposit them with the court pending a hearing. It was alleged that such conduct constituted the collection of an illegal and clearly excessive fee, in violation of SCR 20.12(1), and illegal conduct involving moral turpitude, dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(3) and (4).

(2) The respondent's claim for attorney fees in the estate was ultimately settled at $8,500, which included $2,500 for services rendered to the estate and the balance for all legal services rendered to the decedent prior to his death. The respondent then commenced a civil suit in federal district court against the probate judge, the attorney for the estate, the widow and a vice-president of the personal representative, claiming they conspired to deprive him of his constitutional rights under 42 USC sec. 1983 and that they intimidated, harassed, maligned and extorted money from him and alleging that the judge ordered him to resign as attorney for the estate, saying that the respondent was an incompetent and dishonest attorney. The claim against the judge was dismissed on the ground of judicial immunity, with an award of attorney fees, and subsequent additional and repetitive filings made by the respondent against the judge were dismissed. The respondent's action against the personal representative was dismissed, with the court finding that the complaint was totally unfounded and that the respondent's allegations and affidavits contained "massive mispresentation" of what had occurred at the proceeding which formed the basis of his complaint. The district judge found the respondent's allegations to be patently false and that he acted with reckless disregard

for the truth in filing a second amended complaint against the personal representative, and the judge awarded actual attorney fees to the defendant. The action against the attorney was dismissed on summary judgment, and the case against the widow was ultimately dismissed by stipulation. It was alleged that the respondent's actions constituted the bringing of suit merely for the purpose of harassing and maliciously injuring the defendants, in violation of SCR 20.36(1)(a), the presentation and continuation of a claim without adequate basis in law or fact, in violation of SCR 20.36(1)(b), the making of false accusations against the judge, in violation of SCR 20.47(2), the making of false statements of law or fact, in violation of SCR 20.36(1)(e), and the obstruction of proceedings by repetitive filing, harassment and obstruction of discovery, in violation of SCR 20.36(1)(a) and (b).

(3) At the same time the respondent commenced the federal action, he started an action in circuit court against the same parties and under the same facts, but the judge was named an alleged co-conspirator rather than a party. During the pendency of the proceeding, the respondent obstructed the resolution of the dispute by repetitive filings, evasiveness in discovery, repeated obstructive tactics in discovery and numerous instances of profanity during a deposition. Both the personal representative and the attorney were granted summary judgment, and the judge found the action to have been frivolous, under sec. 814.025, Stats. It was alleged that such conduct constituted the bringing of suit for the purpose of harassing or maliciously injuring the defendants, in violation of SCR 20.36(1)(a), knowingly advancing a claim or defense without adequate basis in fact or law, in violation of SCR 20.36(1)(b), engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and illegal conduct involving moral turpitude, in violation

of SCR 20.04(3) and (4), knowingly making false statements of law or fact, in violation of SCR 20.36(1)(e), and making false accusations against a judge, in violation of SCR 20.47(2). It was further alleged that the respondent's conduct violated SCR 20.40(3)(a), (f) and (g).

(4) In the course of a personal injury action which the respondent commenced on behalf of a client in which it was claimed that the injury-causing accident was the proximate result of a defectively designed tie rod on the client's automobile, the respondent failed to produce the allegedly defective tie rod for inspection, analysis and testing, notwithstanding two orders of the court to do so. The respondent also failed to attend a pretrial conference in the matter. The action was then dismissed for the plaintiff's failure to comply with the discovery orders and because of the respondent's failure to adequately explain the absence of the allegedly defective tie rod and the report of his expert. The respondent then appealed the dismissal, which was affirmed by this court, 79 Wis. 2d 260 (1977). The court found that the respondent's actions were willful and in bad faith and that both the plaintiff and the respondent had been guilty of "a callous disregard of responsibilities to the court and to adversary parties." It was alleged that the respondent's conduct involved dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), that the respondent failed to represent his client competently and zealously within the bounds of law without prejudicing or damaging the client during the course of the professional relationship, in violation of SCR 20.31, 20.34 and 20.35(1), that the respondent concealed or knowingly failed to disclose what he was required to reveal as a lawyer, in violation of SCR 20.36(1)(c), and that he knowingly made a false statement of fact, in violation of SCR 20.36(1)(e).

(5) After the personal injury action was dismissed, the respondent commenced an action on his client's behalf against the attorney for the car dealer and the attorney for the car manufacturer, as well as the dealer and the maufacturer, alleging conspiracy against the attorneys to deceive the judge in the personal injury action and alleging that the attorneys carried on a course of illegal and unlawful acts to maliciously injure the client by defeating his right to seek redress for the alleged wrongs he sustained in the automobile accident. He charged that the attorneys made false representations to the client, failed to comply with an order of the court, suppressed and concealed from the judge the fact that parts of the automobile were in control of an expert who failed to complete his examination, induced the judge to issue an order for the production of a tie rod without ascertaining that there was no such tie rod that could be produced and engaged in other unlawful acts to induce the judge to dismiss the action, including the making of false statements under oath and the inducing of witnesses to make false affidavits under oath. During the proceedings, the respondent engaged in disruptive, evasive and dilatory tactics in discovery. The defendants filed motions for summary judgment, whereupon the client discharged the respondent and the action was dismissed with prejudice and without cost to any party. It was alleged that the respondent filed an action for the purpose of harassing or maliciously injuring the defendants, in violation of SCR 20.36(1), knowingly advanced a claim without any basis in law or fact, in violation of SCR 20.36(1)(b), knowingly made false statements of law, in violation of SCR 20.36(1)(e), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), and filed an action in an attempt to limit liability to his client for malpractice, in violation of SCR 20.33.

(6) Following his discharge as attorney in the personal injury matter, the respondent filed an action against the car dealer's attorney and his law firm, alleging libel and slander for statements made by word or in print by the attorney about the respondent's handling of the two legal actions on his client's behalf. The defendants' motion to dismiss was granted on the ground that the attorney's actions took place in the course of his professional representation and were privileged and immune from suit. It was alleged that the respondent's conduct constituted the bringing of an action for the purpose of harassing or maliciously injuring the defendants, in violation of SCR 20.36(1)(a), the bringing of an action without any basis in law or fact, in violation of SCR 20.36(1)(b), conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of SCR 20.04 (4), and the knowingly making of a false statement of law or fact, in violation of SCR 20.36(1)(e).

We referred the matter to Attorney Rudolph P. Regez, Sr., as referee, pursuant to SCR 21.09(4). The respondent did not file an answer to the complaint, but he wrote a letter, dated April 27, 1983, to Board counsel in which he stated as follows:

"There are some charges in the petition that I am willing to admit but there are many that I cannot.

"On December 5, 1982 I retired as a practicing attorney for 45 years. I closed my office in Racine and am moving to my Florida home.

"In view of this you can advise the Court and Board that I am letting the matter to go by default."

The respondent did not attend the May 26, 1983, hearing in this matter, although he was served with a notice of hearing and a motion of the Board for default.

The referee filed his report with the court on July 11, 1983, in which he made findings and conclusions consistent with the allegations of the complaint. The referee

recommended that the respondent's license to practice law be revoked and that he be required to pay the costs of the proceeding. On August 5, 1983, the respondent filed a notice of appeal from the referee's recommendation, but he failed to file a brief and appendix in the matter within the time provided by the Rules of Appellate Procedure, sec. (Rule) 809.19, Stats., nor did he request an extension of time to file the brief and appendix. On September 21, 1983 we ordered that the respondent file the brief and appendix within five days of the date of our order and, further, that if the brief and appendix were not filed within that time or an extension requested, with good cause shown why the brief and appendix had not been timely filed, the appeal would be dismissed pursuant to sec. (Rule) 809.83, Stats. The respondent has neither filed a brief and appendix nor requested an extension of time to file.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that the respondent's appeal in this matter is dismissed, pursuant to sec. (Rule) 809.83, Stats., for his failure to timely file the brief and appendix.

IT IS FURTHER ORDERED that the license of Victor C. Cairo to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that Victor C. Cairo pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of the disciplinary proceeding in the amount of $2,181.41.