FURRENES, Appellant, v. FORD MOTOR COMPANY, and another, Respondents.

*No. 75–460. Argued May 31, 1977.—Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 511.)

262

For the appellant there was a brief by *Victor C. Cairo,* attorney, and *Thompson & Coates, Ltd.,* of counsel, and oral argument by *James W. Hill,* all of Racine.

For the respondents there was a joint brief by *Merten, Connell & Sisolak, S. C.* of Milwaukee; *Robert E. Hankel* and *Schoone, McManus & Hanson, S. C.* of Racine, and oral argument by *Walter L. Merten* of Milwaukee, and *Adrian P. Schoone* of Racine.

ROBERT W. HANSEN, J. The issue here is as to the appropriateness of the sanction of dismissal on the merits for plaintiff's failure to comply with the trial court discovery order for production of a tie rod and expert reports concerning such tie rod.

That the plaintiff failed to comply with the trial court discovery order cannot seriously be disputed on this record. The trial court so held, and that finding is affirmed.

It is true that, by affidavit dated two weeks after the deadline for production had passed and eighteen months after defendants had first informally requested production of the tie rod for testing, plaintiff's counsel stated that the assertedly defective tie rod was missing and had never been in plaintiff's possession. Such affidavit is relevant as to the appropriateness of the penalty imposed for noncompliance. It does not, however, alter or explain the reasons for noncompliance prior to passage of the court-set deadline for production.

It is also true that, by affidavit dated June 27, 1975, plaintiff's counsel attempts to excuse his noncompliance

due to a "falling out" with his expert witness regarding payment for services rendered. To the contrary, the affidavit of plaintiff's expert witness recites that he in fact had completed his report prior to the deadline for production of said report set by the trial court. While this asserted "falling out" concerning payment for services rendered could well be an extenuating circumstance, it does not erase either the fact of noncompliance or the failure to seek extension or modification of the discovery order before the deadline for production had passed.

We find no merit in appellant's contention that the trial court was without authority to order dismissal on the merits as the penalty for noncompliance with the discovery order. It is true that sec. 269.57(1), Stats., provides that, for failure or refusal of a party to comply with a discovery order, the court may ". . . exclude the paper from being given in evidence or punish the party refusing, or both."

However, our court has held that sec. 885.11(5), Stats. —which does provide for giving judgment against a party in default—is "broad enough to embrace the failure to obey such a subpoena used with a discovery examination." *Gipson Lumber Co. v. Schickling,* 56 Wis.2d 164, 168, 201 N.W.2d 500 (1972). That holding applies to the case at bar.

Independent of statutory authority, our court has ". . . recognized the inherent power of a court to dismiss a defendant's answer or a plaintiff's complaint . . . when there was a failure to produce evidence ordered to be produced, on the ground that the necessity of the court to maintain the orderly processing of cases and the dispatch of justice required it." *State v. John,* 60 Wis.2d 730, 736, 211 N.W.2d 463 (1973). *See also: Latham v.*

*Casey & King Corp.,* 23 Wis.2d 311, 314, 127 N.W.2d 225 (1964).

Likewise, no substance is found in appellant's contention that he was deprived of a hearing before dismissal due to noncompliance. A hearing was held, back on October 3, 1974, to determine whether the tie rod should be produced. Plaintiff made no contention then that the tie rod did not exist. The original trial judge, after assurance by plaintiff's counsel that the tie rod was then being inspected by plaintiff's expert, ordered production of the tie rod for testing within thirty days of October 3, 1974.

The order now challenged, while adding the requirement of furnishing copies of experts' reports, was merely an order granting additional time to produce the tie rod, already compelled to be produced eight months earlier. Since the original order to produce was not challenged as to validity or notice, the second order cannot be belatedly challenged on either score after the extended deadline for compliance has passed.

Thus the issue on this appeal narrows itself to whether dismissal on the merits, as provided for in the order for production, was a penalty for noncompliance available to the trial court on this record. The challenge becomes solely a challenge to the penalty imposed—not to the fact of noncompliance.

Recently, a similar situation presented itself to the United States Supreme Court in the case of *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed.2d 747 (1976). In that case certain interrogatories remained "substantially unanswered" after seventeen months despite a court order directing that they be answered, and despite extensions and admonitions by the trial court. *Id.* at 640.

The trial court dismissed on the merits finding that " 'after being expressly directed to perform an act by a

date certain . . . they failed to perform and compounded that noncompliance by waiting until five days afterwards before they filed any motions. Moreover, this action was taken in the face of warnings that their failure to provide certain information could result in the imposition of sanctions. . . .' " *Id.* at 640. (In the case before us the consequence of noncompliance was spelled out in the trial court discovery order for production of evidence.) In the *National Hockey League Case,* the intermediate appellate court reversed, ruling that the trial court had abused its discretion in dismissing the action with prejudice.

The United States Supreme Court reinstated the district court dismissal on the merits, commenting:

"There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order." *Id.* at 642.

Indicating it was not so influenced in this case, the high court went on to hold:

"But here as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 643.

If matters of expediting court proceedings and assuring proper and prompt administration of justice are to be more than mere matters on the agenda at judicial or bar association workshops, the lead of the nation's high court is to be followed in upholding dismissals on the merits where, as the trial court found in the *National Hockey League Case,* and we see in the case before us, there has been a "callous disregard of responsibilities" owed by plaintiff and plaintiff's counsel to the court and to the adversary parties.

In the case before us, the original order for production of a tie rod for inspection and testing was ignored for approximately eight months. Even then the successor trial judge refused dismissal and extended the date for production of the tie rod and the expert's report, clearly and specifically warning plaintiff that the consequence of noncompliance would be dismissal on the merits.

The plaintiff did not comply, nor did he seek modification or extension as to the deadline for compliance. The consequence of dismissal on the merits—of which the plaintiff had prior notice—was proper and appropriate. No abuse of trial court discretion is present.

It is to be noted that the high court in the *National Hockey League Case* upheld the finding of bad faith on the part of the respondents as the basis for finding that "the extreme sanction of dismissal was appropriate." *Id.* at 643.

Our court has held that a finding of no merit or bad faith is required for the sanction of striking a pleading. *Hauer v. Christon,* 43 Wis.2d 147, 154, 168 N.W.2d 81 (1969) ; *Dubman v. North Shore Bank,* 75 Wis.2d 597, 600, 601, 249 N.W.2d 797 (1977) ; *Accord, Societe Internationale v. Rogers,* 357 U.S. 197 (1958) ; *Hammond Packing Co. v. Arkansas,* 212 U.S. 322 (1909) ; *Hovey v. Elliott,* 167 U.S. 409 (1897).

In the case before us, there is no basis for finding either good faith or lack of willfulness in the long delay and final failure to meet the extended deadline for producing the tie rod and expert reports. On the merits, failure to produce the tie rod undercut the gravamen of plaintiff's cause of action as stated in his complaint.

What plaintiff now seeks to establish is not the presence of good faith but the absence of the tie rod. At any time during eight months of noncompliance with the initial discovery order, this fact, if established, could have been the basis for seeking and securing modification or withdrawal of the initial discovery order. Even after the deadline was extended, plaintiff's opportunity to disclaim earlier offers to produce the tie rod and claim nonexistence of the tie rod was likewise extended. However, the second deadline passed and the indicated sanction for noncompliance was imposed. The plaintiff cannot now escape a finding of acting in bad faith by the belated claim that he could not do what at the time of the initial hearing he agreed to do, to wit: produce a tie rod then claimed by him to be in the possession of his expert. At the least, such complete reversal of position here showed "callous disregard of responsibilities" owed by this plaintiff and his counsel to the court and the adversary parties.

In the *National Hockey League Case,* the United States Supreme Court quoted the trial court's comment: " 'If the sanction of dismissal is not warranted by the circumstances of this case, then the Court can envisage no set of facts whereby that sanction should ever be applied.' " *Id.* at 641. That comment could be repeated as to dismissal on the merits in the case before us.

*By the Court.*—Judgment affirmed.