IN RE the MARRIAGE OF: Peter J. BENTZ,
Petitioner-Respondent,

v.

Margaret C. BENTZ, Appellant.

Court of Appeals

*No. 87–1839. Submitted on briefs November 4, 1988.—Decided
December 22, 1988.*

(Also reported in 435 N.W.2d 293.)

For the appellant the cause was submitted on the briefs of *Burleigh A. Randolph,* of La Crosse.

For the petitioner-respondent the cause was submitted on the brief of *Sabina Bosshard* and *Ramona A. Gonzalez,* and *Bosshard & Associates,* of La Crosse.

Before Gartzke, P.J., Dykman. and Eich, JJ.

GARTZKE, P.J. Margaret Bentz appeals from a judgment of divorce from Peter Bentz. The issue is whether the trial court erred when it limited its maintenance award to Margaret to five years. We conclude that the court made no factual errors and had. an adequate rationale for the limitation. We therefore affirm the judgment.

The parties married in December 1967. In November 1982 they agreed that if they divorced, any maintenance payable to Margaret would be based on her employment situation and needs at the time of the divorce, but determined in relation to their standard of living when they entered the agreement. The divorce was granted in October 1986. The trial court found that the parties' standard of living in November 1982 reflected their annual combined income of about $37,000, based upon Peter's $30,000 annual salary and Margaret's $650 per month salary.

The court also found that Peter's present annual income is $48,564 and that he was a college graduate at the time of the marriage. Margaret is a department store clerk and has a gross monthly income of $580, based on a thirty-hour work week. Throughout the marriage she worked mainly as a clerk or as a childcare provider. At the time of the divorce she was 41 years old, had completed about two years of college, and intended to pursue further education to enhance her earning capacity. She believes that she is capable of achieving a level of education that will allow her to attain their 1982 standard of living.

Margaret takes no issue with the amount of the monthly maintenance award, $650, but only with the five-year limitation the court imposed upon it. She asserts that the trial court made two errors when it limited maintenance to five years. The first claimed error is the court's computation of the parties' combined annual income in November 1982. The second is a finding that Margaret's income potential was such that she would achieve her postmarital agreement standard of living within five years.

The amount and duration of maintenance is left to the sound discretion of the trial court. *In re Marriage of LaRocque,* 139 Wis. 2d 23, 27, 406 N.W.2d 736, 737 (1987). When reviewing whether a discretionary decision, our task is to determine whether the decision is the product of a rational mental process by which the facts of record and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable result. *Id.*

Thus, if the trial court's decision is based on facts which do not exist, an abuse has occurred. We must, however, accept factual findings made by a trial court

which are not clearly erroneous, giving due regard to the court's opportunity to judge the credibility of the witnesses. Sec. 805.17(2), Stats.

The trial court's finding that when the parties entered their 1982 agreement their combined income was approximately $37,000 is not clearly erroneous. Peter testified that his 1982 gross earnings were $31,700 and that Margaret's income in 1982 was between $5,000 and $8,000. Peter's 1982 withholding tax form issued by his employer reported income of $31,720. In an earlier divorce action Margaret had submitted a financial disclosure form reporting Peter's 1982 income as $30,000 annually. Peter's employment agreement, which he testified was signed in July 1983, suggests that his 1982 income was $40,000, but he testified that he actually earned only the $31,720 reported on the withholding statement, his contract notwithstanding. Margaret does not contest the trial court's findings with respect to her 1982 income.

As we have noted, the trial court found that Margaret believes she can achieve a level of education necessary to enable her to earn a living at the 1982 level. The court also found that the instruction she is considering and which expert witnesses recommended, should result in her obtaining employment paying $15,000 to $18,000 annually. Since the trial court awarded maintenance for a five-year period, the parties properly treat the combined findings as implying that within five years Margaret's income will reach the standard of living she enjoyed in 1982. We review implied findings of fact under the clearly erroneous test. *Englewood Apartments Partnership v. Grant & Co.,* 119 Wis. 2d 34, 39, 349 N.W.2d 716, 718–19 (Ct. App. 1984).

Margaret asserts that this implied finding is not established by the record and is speculative. She asserts that the trial court therefore abused its discretion when it limited maintenance to a term of five years.

Most predictions of future income are uncertain, but they are not necessarily speculative. If a trial court's prediction is based on the opinions of vocational experts which have a factual basis, we will not overturn as clearly erroneous a finding which looks to the future. According to the vocational expert who testified on behalf of Margaret, in view of her background, education, personality and goals, she should undertake a two-year program at a technical school, partly because they have a high placement rate. If she took business courses, worked hard, gathered some quality references, and continued her present employment as a department store clerk, she could move up the career ladder to become a sales manager, the median hourly wage for which is now $6.96. Peter produced the testimony of a vocational rehabilitation counselor, who advised the court that if Margaret took a two-year course at a technical school or college, she should be able to earn between $8.00 and $8.50 per hour, which would be over $17,000 per year.

The trial court recognized that the experts differed on whether Margaret will follow through with her plans. Peter's expert believes she will. Margaret's expert does not. By stating in its findings of fact that "whichever of the experts is right will be within [Margaret's] power to decide," the trial court impliedly found that Margaret is able to meet her own expectation of supporting herself at the 1982 level. This finding is not clearly erroneous.

We turn to the five-year limitation on maintenance. No claim is made that the parties' postmarital

agreement prohibits the court from limiting maintenance to a fixed period. Rather, the contention is that the trial court failed to articulate or to use appropriate standards for limited term maintenance.

■

Limited maintenance has various purposes. They include providing the recipient spouse with funds for training that might lead to employment, creating an incentive for that spouse to seek employment, and limiting the responsibility of the payor-spouse to a time certain and avoiding future litigation. *LaRocque,* 139 Wis. 2d at 40, 406 N.W.2d at 743. When deciding whether to grant limited-term maintenance the trial court must consider

> the ability of the recipient spouse to become self-supporting by the end of the maintenance period at a standard of living reasonably similar to that enjoyed before divorce; the ability of the payor spouse to continue the obligation of support for an indefinite time; and the need for the court to continue jurisdiction regarding maintenance.

*Id.* at 41, 406 N.W.2d at 743. Here the parties established by contract the pertinent standard of living as that which they enjoyed in November 1982.

The trial court articulated its reasons for limiting maintenance. It limited maintenance to five years because the court anticipated that this period would allow Margaret to decide on her future but not encourage her to "dawdle."

■

Since use of limited term maintenance to provide an incentive to the recipient spouse to become self-supporting is appropriate, and since the trial court's finding that Margaret should be able to reach her 1982

standard of living in five years is not clearly erroneous, we reject her claim that the trial court failed to articulate or use appropriate standards when awarding limited maintenance. We therefore conclude that the trial court did not abuse its discretion in making the award.

■

A safety net exists. Modification of the five-year limit on the maintenance award is not permanently foreclosed. Limited terms for maintenance can be modified. *Dixon v. Dixon,* 107 Wis. 2d 492, 508, 319 N.W.2d 846, 854 (1982). Such an award has been modified by substituting permanent maintenance for a three-year term when the recipient spouse had not been able to become self-supporting, had not malingered and had accepted as much employment as she could obtain. *Fobes v. Fobes,* 125 Wis. 2d 72, 81, 368 N.W.2d 643, 647 (1985).

We therefore conclude that we should affirm the judgment of divorce.

*By the Court.*—Judgment affirmed.