Larry W. MONSON, Stephanie L. Monson and Mary E. Monson, Plaintiffs-Appellants-Petitioners,

v.

MADISON FAMILY INSTITUTE and St. Paul Fire & Marine Insurance Company, Frank Coogan, Molly Allison, Joyce Nourse and Dr. Stanley Miezio, Defendants-Respondents.

Supreme Court

*No. 89-0314. Submitted on briefs February 27, 1991.—Decided June 5, 1991.*

(Also reported in 470 N.W.2d 853.)

For the plaintiffs-appellants-petitioners the cause was submitted on the brief of *Jeffrey J. Grady* and *Grady Law Office,* Madison.

For the defendant-respondent, Dr. Stanley Miezio the cause was submitted on the brief of *John A. Nelson* and *von Briesen & Purtell, S.C.,* Milwaukee.

For the defendants-respondents, Madison Family Institute, St. Paul Fire & Marine Insurance Company, Frank Coogan, Molly Allison, Joyce Nourse, the cause was submitted on the brief of *John W. Markson, David J. Pliner* and *Bell, Metzner, Gierhart & Moore, S.C.,* Madison.

LOUIS J. CECI, J.   This case is before the court on petition for review of an unpublished decision of the

court of appeals, dated March 15, 1990, which affirmed in part and vacated in part the judgment of the circuit court for Dane County, Michael N. Nowakowski, Circuit Judge. The circuit court granted the defendants' motion for summary judgment and the defendants' motion to dismiss for failure to prosecute pursuant to secs. 805.03 and 804.12(2)(a)3, Stats.[1] The circuit court granted the defendants' motion for summary judgment because the plaintiffs only relied on the pleadings in response to the motion for summary judgment. Accordingly, there were no material issues of fact before the circuit court. The circuit court granted the motion to dismiss for failure to prosecute because of the plaintiffs' repeated failure to comply with court-ordered deadlines and their failure to move the case toward trial.[2]

---

[1]Section 805.03, Stats., provides in relevant part as follows:

**805.03 Failure to prosecute or comply with procedure statutes.** For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of the court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a) . . ..

Section 804.12(2)(a), Stats., provides in relevant part as follows:

**804.12 Failure to make discovery; sanctions . . ..(2)** Failure to comply with order. (a) . . . [T]he court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . .

3. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

. . .

[2]The circuit court granted the motion to dismiss for failure to prosecute after it granted the summary judgment motion and *sua sponte* raised the notion of allowing the plaintiffs to replead.

The court of appeals held that the circuit court properly granted the motion to dismiss for failure to prosecute. In so holding, the court of appeals reasoned that the dismissal was not an abuse of the circuit court's discretion because the plaintiffs' omissions were egregious and prejudiced the defendants. The court of appeals vacated the circuit court's grant of summary judgment because the dismissal for failure to prosecute completely disposed of the matter. The defendants did not seek review in this court of that part of the court of appeals decision which vacated the circuit court's grant of summary judgment.

One issue is presented by this review: whether the circuit court abused its discretion by dismissing the plaintiffs' claims for failure to prosecute. We hold that the circuit court did not abuse its discretion by dismissing the plaintiffs' claims because the record contains a reasonable basis for the circuit court's determination that the plaintiffs' conduct was egregious and that there was no clear and justifiable excuse for the plaintiffs' conduct.[3]

The material facts relevant to this review are not in dispute. On March 25, 1987, the plaintiffs commenced an action against the defendant Madison Family Insti-

[3]The circuit court expressly rejected the plaintiffs' excuses but did not expressly label the plaintiffs' conduct as egregious conduct. However, implicit in the circuit court's statements contained in the record is a finding that the plaintiffs' conduct in this case was egregious. Therefore, the circuit court's failure to label the plaintiffs' conduct as "egregious conduct" is immaterial. *Englewood Apartments Partnership v. Grant & Co.,* 119 Wis. 2d 34, 39 n.3, 349 N.W.2d 716 (Ct. App. 1984) (holding that the failure of a circuit court to utter precise "magic words" such as "egregious" does not result in reversible error if the circuit court made "unmistakable but implicit findings to the same effect").

tute and its insurer, defendant St. Paul Fire and Marine Insurance Company (collectively Madison Family Institute), alleging, *inter alia,* negligent diagnosis and treatment of alcoholism and invasion of privacy by disclosure of said diagnosis.

On May 6, 1987, Madison Family Institute moved the circuit court to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted.[4] On September 15, 1987, the plaintiffs moved the circuit court to stay further proceedings on the motion to dismiss in order to allow them to amend their complaint. The plaintiffs contended that amendment of the complaint was necessary given newly discovered information which materially affected the merits of Madison Family Institute's motion to dismiss. On October 2, 1987, during a telephone conference, the court orally granted the plaintiffs' motion to stay proceedings on the motion to dismiss and ordered the plaintiffs to amend their complaint by October 23, 1987.[5]

During the same telephone conference, the court also informed the parties that it would issue a preliminary scheduling order. On October 5, 1987, the court issued a preliminary scheduling order which, among other things, required all additional parties to be joined or impleaded within 60 days of the order and all interrogatories to be served at least 40 days prior to the pretrial conference set for January 13, 1988.

The plaintiffs failed to amend their complaint by October 23, 1987, as required by the circuit court's order of October 2, 1987. On December 4, 1987, the eve of the deadline set by the preliminary scheduling order for joining additional parties and serving interrogatories, the

---

[4]This motion was made in lieu of answering the complaint.

[5]This order was memorialized by the circuit court in minutes filed on October 5, 1987.

plaintiffs moved the circuit court to amend the preliminary scheduling order to permit the joinder of additional parties and to allow the service of interrogatories beyond the time set in the preliminary scheduling order of October 5, 1987. The plaintiffs argued that the extension was necessary due to new information produced by the plaintiffs' ongoing private investigation. The plaintiffs stated in their notice of motion and motion that a portion of the new information was discovered on December 3, 1987, the day before the motion was filed.

The pretrial conference was held on January 13, 1988. The plaintiffs failed to file the required pretrial conference statement. At the pretrial conference, the court granted the plaintiffs' motion to modify the preliminary scheduling order. The pretrial order granted the plaintiffs an extension until January 29, 1988, to amend the complaint and to implead and serve additional parties. The pretrial order also set the matter for trial on June 6, 1988.[6]

The plaintiffs did not file their amended complaint until February 19, 1988, 21 days after the court's deadline. The amended complaint joined the following defendants: Frank Coogan, Molly Allison, Joyce Nourse, and Dr. Stanley Miezio (hereinafter, defendants Coogan and Allison will be included in the references to Madison Family Institute). However, Dr. Miezio was not served until April 18, 1988, nearly three months after the court's deadline to join additional parties. The plaintiffs' amended complaint added claims of breach of fiduciary duty, interference with parent/child relationship, and defamation.

On March 28, 1988, Madison Family Institute filed its answer to the plaintiffs' amended complaint which

[6]The trial date was subsequently rescheduled to June 27, 1988.

included, as an affirmative defense, a motion to dismiss for failure to state a claim. On April 29, 1988, the court heard the motion. The plaintiffs filed their brief in response to the motion late.

By order entered May 25, 1988, the circuit court dismissed all the claims against Madison Family Institute except Larry Monson's claims for defamation and invasion of privacy and Stephanie and Mary Monson's claims for negligent diagnosis and treatment. At the motion hearing, plaintiffs' counsel indicated to the court that he would dismiss defendant Nourse because he had not served her within 60 days of joining her as a party. The record shows that defendant Nourse was never dismissed from this action. The court *sua sponte* removed the case from the June 27, 1988, trial calendar due to the belated joining of Dr. Miezio as a defendant.

On May 27, 1988, defendant Dr. Miezio moved the court to dismiss the plaintiffs' claims against him. Dr. Miezio argued that Stephanie and Mary Monson's negligence claims and Larry Monson's defamation and invasion of privacy claims were barred by the applicable statute of limitations. Dr. Miezio further argued that the plaintiffs' remaining claims should be dismissed for failure to state a claim upon which relief may be granted—the same reason they were dismissed against Madison Family Institute.

On June 15, 1988, the circuit court heard Dr. Miezio's motions. By order dated June 27, 1988, the circuit court dismissed all the plaintiffs' claims against Dr. Miezio, except Larry Monson's claims for defamation and invasion of privacy,[7] and ordered the plaintiffs to "submit a Second Amended Complaint not later than

---

[7]In its order, the circuit court provided that its failure to grant Dr. Miezio's motion regarding the statute of limitations was subject to Dr. Miezio's right to refile the motion after discovery.

July 1, 1988, specifically designating individual claims against [the] defendants."

The record shows that the circuit court required the plaintiffs to amend their complaint because, as plaintiffs' counsel appeared to concede, the complaint did not state the plaintiffs' claims with sufficient clarity to enable the defendants to defend against the action. Furthermore, the complaint did not clearly state which claims were being asserted against each defendant.

The plaintiffs never amended the complaint as required by the circuit court's order of June 27, 1988. On July 14, 1988, two weeks after the court's deadline for the plaintiffs to file a second amended complaint, Dr. Miezio's counsel wrote to plaintiffs' counsel to request that the complaint be amended or his client be dismissed from the action. In response, plaintiffs' counsel advised Dr. Miezio's counsel that he would be in contact with him the week of July 25, 1988.

The record shows that plaintiffs' counsel did not contact Dr. Miezio's counsel as promised. On September 1, 1988, two months after the court's deadline to file the second amended complaint, Dr. Miezio's counsel again wrote to plaintiffs' counsel, requesting the dismissal of his client or the filing of the amended complaint within one week. In the same letter, Dr. Miezio's counsel advised plaintiffs' counsel that "I will have to file an appropriate motion should you fail to either dismiss my client or replead the complaint . . .."

The record shows that the plaintiffs never amended their complaint. The record also shows that the plaintiffs never responded to a request for production of documents from Dr. Miezio's counsel dated May 4, 1988.[8]

[8]Section 804.09(2), Stats., requires a written response to a request for production of documents within 30 days of the date of service of the request.

On October 5, 1988, Dr. Miezio moved the circuit court to dismiss the plaintiffs' action for failure to prosecute. On October 17, 1988, Dr. Miezio filed a motion for summary judgment.[9] The record shows that all the other defendants joined in Dr. Miezio's motions. The record also shows that on October 18, 1988, the circuit court initiated its own motion to dismiss for failure to prosecute.

The plaintiffs did not respond to either motion in any fashion other than appearing at the motion hearing on December 14, 1988. The court granted the defendants' motion for summary judgment for two reasons. First, the plaintiffs did not clarify their theory of recovery by filing an amended complaint. Therefore, the circuit court concluded that the defendants were not able to defend against the action because the complaint did not clearly state the nature of the plaintiffs' claims and which claims were being asserted against each defendant. Second, the plaintiffs relied on the pleadings and did not file any affidavits, depositions, or answers to interrogatories to counter the defendants' affidavits. Therefore, there were no material issues of fact.

After orally granting the defendants' motion for summary judgment, the circuit judge stated that he would deny any motion that might be brought by the plaintiffs to amend the complaint to permit the case to

---

[9]Dr. Miezio's motion for summary judgment was based upon affidavits which supported the conclusion that all statements Dr. Miezio made regarding the plaintiffs were substantially true, and all dissemination of information regarding the plaintiffs was subject to a conditional privilege which was not abused. We do not address the circuit court's grant of summary judgment because the court of appeals vacated the circuit court's grant of summary judgment, and the defendants did not seek review in this court of that part of the court of appeals decision.

go forward on a clarified theory of recovery and through the presentation of additional facts. The circuit judge explained that while normally he would consider such a motion, he would not in this case because he thought that the motion to dismiss for failure to prosecute should also be granted.

The circuit judge did not base his conclusion merely upon the plaintiffs' failure to file the second amended complaint as required by his order of June 27, 1988. Rather, the circuit judge based his decision upon a review of the entire record, including the following undisputed facts: the plaintiffs failed to meet two other deadlines to amend the complaint; the plaintiffs joined Dr. Miezio 20 days after the deadline set for joining additional parties; the plaintiffs delayed in serving Dr. Miezio, in violation of the scheduling order, resulting in the case being taken off the trial calendar for June 27, 1988; the plaintiffs failed to serve Dr. Miezio with a copy of the scheduling order as required by the terms of said order; the plaintiffs' brief for the April 29, 1988, motion to dismiss hearing was filed late; the plaintiffs failed to respond to Dr. Miezio's request for production of documents; the plaintiffs had not conducted any discovery in the 21 months since the complaint was filed; and the plaintiffs failed to respond in any fashion to the motion to dismiss for failure to prosecute and the motion for summary judgment other than appearing at the motion hearing.[10]

The circuit court reasoned that it had to balance the plaintiffs' interests in having the case go forward with

---

[10]The record shows that plaintiffs' counsel reported himself to the Board of Attorneys Professional Responsibility for his omissions in this case and that he informed the court of that action at the hearing on the motions for failure to prosecute and summary judgment.

the prejudice to the defendants caused by the delays and the court's interest in the timely administration of justice. The circuit court concluded that, given the plaintiffs' failure to move the case beyond the stage of pleading in 21 months, the balance of interests in this case favored dismissing the action.[11]

In reaching its conclusion, the circuit court rejected plaintiffs' counsel's excuses for failing to prosecute the case. The circuit court rejected plaintiffs' counsel's excuse that he experienced difficulty in obtaining co-counsel because the court concluded that the press of business is not cause for excusable neglect. The circuit court rejected his excuse that the case presented novel and difficult legal theories because the facts that gave rise to the plaintiffs' claims were not complicated. The circuit court also rejected plaintiffs' counsel's excuse for not conducting formal discovery—that he was conducting an informal investigation—because the court thought that if a private investigation was going to bear fruit, it would have done so in 21 months.

By order dated December 28, 1988, the circuit court granted the defendants' motions to dismiss for failure to prosecute and summary judgment, dismissing the complaint and amended complaint filed against the defendants. The plaintiffs appealed from the judgment of the circuit court dismissing the action. Before the court of appeals, the plaintiffs argued that the circuit court abused its discretion by dismissing their claims because the circuit court did not and could not find that the plaintiffs acted egregiously or in bad faith. The plaintiffs further argued that the circuit court improperly imputed

---

[11]The circuit court reasoned that this balancing of the interests justified dismissing the action despite the fact that the plaintiffs themselves may not have been responsible for the delays.

the omissions of plaintiffs' counsel to the plaintiffs.[12]

The court of appeals held that the circuit court did not abuse its discretion by dismissing the plaintiffs' claims for failure to prosecute and vacated the circuit court's grant of summary judgment because the dismissal for failure to prosecute completely disposed of the matter. The court of appeals concluded that the circuit court did not abuse its discretion by dismissing the plaintiffs' claims for four reasons. First, the circuit court implicitly found that plaintiffs' counsel's conduct was egregious and in bad faith. Second, plaintiffs' counsel demonstrated no clear and justifiable excuse for the delays. Third, the delays prejudiced the defendants' interests and the court's goal of the efficient administration of justice. Fourth, the circuit court did not abuse its discretion by imputing to the plaintiffs the omissions of their counsel, even though the plaintiffs were not responsible for the delays, because the circuit court balanced the interests of the plaintiffs and the defendants before imputing the omissions of plaintiffs' counsel to the plaintiffs.

The plaintiffs petitioned this court for review of the decision of the court of appeals. We granted the petition along with petitions in two other cases involving dismissals for failure to prosecute, *Schneller v. St. Mary's Hospital Medical Center,* 162 Wis. 2d 296, 470 N.W.2d 873 (1991) and *Johnson v. Allis Chalmers Corp.,* 162 Wis. 2d 261, 470 N.W.2d 859 (1991).

---

[12]We do not discuss the plaintiffs' arguments regarding the grant of summary judgment because the court of appeals vacated that part of the circuit court's judgment, and the defendants did not seek review in this court of that part of the court of appeals decision.

■

A circuit court's decision to dismiss an action is discretionary and will not be disturbed unless the aggrieved party establishes that the circuit court abused its discretion. *Johnson v. Allis Chalmers Corp.,* 162 Wis. 2d 261, 273, 470 N.W.2d 859 (1991). Dismissal for failure to prosecute is an abuse of discretion in two situations: (1) if there is no reasonable basis to support the circuit court's determination that the aggrieved party's conduct was egregious or (2) if the aggrieved party can establish a clear and justifiable excuse for the delay in prosecuting the action. *Id.* at 273, 276.[13]

■

The case at bar does not present either of the situations in which dismissal for failure to prosecute constitutes an abuse of discretion. The plaintiffs' numerous failures to comply with court-ordered deadlines and other omissions, set forth above at 221, are a reasonable basis for the circuit court's implicit determination that the plaintiffs' conduct was egregious.

■

Furthermore, the plaintiffs have not established a clear and justifiable excuse for their numerous delays. The circuit court properly concluded that the inability to obtain co-counsel and the complexity of the legal issues involved in a case are not clear and justifiable excuses for almost two years (21 months) of delay. For example, the

[13]Perhaps it would be advisable for the Judicial Council to investigate and determine the reasonableness of a rule requiring attorneys to advise their clients of the time and place of all motions and further to determine the feasibility of circuit courts' notifying parties of a pending motion to dismiss for failure to prosecute. If the Judicial Council determines that such notification would assist the administration of justice, it could propose a rule requiring same.

second amended complaint was never filed as required by the circuit court's order. An attorney should not undertake representation in a matter if he or she cannot draft an amended complaint after 21 months without the assistance of co-counsel due to the complexity of the case. Therefore, we conclude that the circuit court did not abuse its discretion by dismissing the plaintiffs' claims for failure to prosecute.

*By the Court.*—The decision of the court of appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. (dissenting). For the reasons set forth in my concurring opinion in *Johnson v. Allis Chalmers Corp.,* 162 Wis. 2d 261, 470 N.W.2d 859 (1991), I would reverse the order, *Carter v. Albert Einstein Medical Center,* 804 F.2d 805 (3d Cir. 1986), or at least remand this case to the circuit court, *Dunbar v. Triangle Lumber and Supply Co.,* 816 F.2d 126 (3d Cir. 1987), to hold a hearing giving the plaintiffs notice and opportunity to be heard, and to determine the appropriate sanction considering the extent of the plaintiffs' personal responsibility for counsel's failure to follow court orders.