IN the MATTER OF the ESTATE OF William J. O'NEILL, Deceased:

Daniel O'NEILL, Appellant,

v.

Clare BUCHANAN, Estate of William J. O'Neill, and Eileen E. Cauley, Personal Representative of the Estate, Respondents.

Court of Appeals

*No. 92–1939. Oral argument April 14, 1994.—Decided June 29, 1994.*

(Also reported in 519 N.W.2d 750.)

On behalf of the appellant, the cause was submitted on the briefs of *George A. Dionisopoulos* and *Adam J. Wiensch* of *Foley & Lardner* of Milwaukee. There was oral argument by *George A. Dionisopoulos*.

On behalf of the respondent, Clare Buchanan, the cause was submitted on the brief and oral argument of *Lawrence E. Bechler* for *Jenswold, Studt, Hanson, Clark & Kaufmann* of Madison.

An *amicus curiae* brief was submitted by *Scott C. Minter* of the *Litigation Section of the State Bar of Wisconsin*.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Daniel O'Neill appeals from an order construing his uncle's last will and testament, and from an order reconsidering and affirming the probate court's prior order. We conclude that Daniel's failure to appear at the will construction hearing required him to move to reopen the decision under §§ 879.31 and 806.07, STATS., before the probate court could entertain any argument by Daniel regarding the will's construction. As Daniel did not show excusable neglect under § 806.07(1)(a), we affirm the orders.

Prior to his death, William J. O'Neill prepared his last will and testament using a "Wisconsin Basic Will," corresponding to the provisions of § 853.55, STATS. After filing a petition for the admission of William's last will and testament, the executor of the estate filed a petition for construction of the will because it contained alterations which called the decedent's intent into question. The petition noted that William bequeathed to Clare Buchanan, his sister, "all remaining money and Treasury Bills." The petition also stated that "[t]he document does not purport to nor does it seem that it makes a residual disposition." It asked the court to "make a determination whether there is an intent to make a residual disposition and who would be the subjects of the residual disposition."

Notice of the hearing to construe the will was mailed to all interested parties including Daniel, William's nephew, who did not appear at this hearing, which was conducted on April 27, 1992. In a written order issued May 15, 1992, the probate court construed the altered will to name Buchanan as the sole residuary beneficiary.

On May 26, 1992, Daniel requested relief from the order on two alternative grounds. First, he sought relief under §§ 879.31 and 806.71, STATS., and *Grodin v. Smith,* 82 Wis. 2d 667, 264 N.W.2d 239 (1978), arguing that he did not appear at the will construction hearing because of excusable neglect. Second, he sought reconsideration of the order under § 805.17(3), STATS. In its order, the probate court initially held that

> although Daniel O'Neill has not established excusable neglect for failing to appear in person or by counsel in the prior will construction proceedings

231

. . . the Court will treat the Motion before it as a Motion to Reconsider and will exercise its discretion to reconsider [its previous order construing the last will and testament].

Daniel argued that the will's gift to Buchanan of "all remaining money and Treasury Bills" was not a residuary clause for all of William's property. Instead, the preprinted residuary clause applied, which provided that if William failed to designate how he wished to dispose of his residuary estate, the property would be distributed as if he did not have a will. The probate court disagreed and affirmed its earlier order construing the will.

Daniel filed a notice of appeal, designating the appeal of both orders construing the last will and testament of William. The appeal was timely as to both orders. We note that because Daniel did not appear at the first will construction hearing, he did not present any arguments to the court and there was no full adversarial exposition of all of the issues at that time. Therefore, he preserved no issues to appeal from related to the first order. *See Wirth v. Ehly,* 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145 (1980) (appellate court will generally not review issue raised for first time on appeal).

Turning to the appeal of the second order which reconsidered the initial order construing the will, we consider Buchanan's assertion that the probate court was not authorized to reconsider.[1] A resolution of this

[1] Because we had unanswered questions about the authority of the probate court to reconsider a prior ruling, we solicited an *amicus curiae* brief from the Litigation Section of the State Bar of Wisconsin and held oral arguments on the single question: "Do the provisions of § 805.17(3), STATS., governing motions for reconsideration apply to special proceedings,'

issue involves the interpretation of §§ 805.17(3) and 879.31, STATS. The interpretation of statutes is a question of law that we answer independently of the probate court. *See State ex rel. Town of Delavan v. Circuit Court,* 167 Wis. 2d 719, 723, 482 N.W.2d 899, 900-01 (1992).

Buchanan argues that § 805.17(3), STATS., the statute authorizing a court's reconsideration of a decision, does not apply in probate, which is a special proceeding. The court's remaining avenue was to reopen the case under §§ 879.31 and 806.07(1)(a), STATS.[2] Because the trial court concluded that Daniel's nonappearance was not due to excusable neglect, Buchanan contends that Daniel was not entitled to any relief from the order.

■

Probate is a series of special proceedings. *Goldstein v. Goldstein,* 91 Wis. 2d 803, 810, 284 N.W.2d 88, 92 (1979). Chapters 801 to 847, STATS., govern procedure and practice in special proceedings unless a different procedure is prescribed by statute or rule. Section 801.01(1), STATS. Chapter 879, STATS., sets forth specific procedures pertaining to probate. Consequently, wherever they conflict with the general procedures of chs. 801 to 847, we follow those in ch. 879.

including probate?" We express our appreciation to the 1993-94 Chair of the Litigation Section, Paul Scoptur, and to the author of the *amicus curiae* brief, Professor Scott C. Minter of the University of Wisconsin Law School, for their contributions to the discussion of this issue.

[2] Daniel's motion to reopen the judgment under §§ 879.31 and 806.07, STATS., was made pursuant only to § 806.07(1)(a), excusable neglect. We do not address whether Daniel could have obtained relief under any other subsection of § 806.07.

Section 879.31, STATS., is titled "Relief from judgment or order." It provides:

> On motion, notice to adverse parties and hearing, the court may relieve a party or legal representative from . . . orders of the court . . . as provided in s. 806.07.

*Id.* Thus, § 879.31 specifically makes § 806.07, STATS., applicable to probate for relief from orders. The probate code does not have a different statute on reconsideration; therefore, we hold that § 805.17(3), STATS., applies to the special proceeding of probate.

We next consider whether Daniel could move for reconsideration under the facts of this case. Although Daniel was given notice of the hearing to construe the will, he chose not to make an appearance. By declining to appear, Daniel waived his opportunity to present his argument to the court concerning the construction issues addressed at the hearing. The court entered its order which affected Daniel's interest.

This course of events is akin to default by a party. A default judgment is entered against a party who has slept on his or her rights, often by not appearing at hearings or at trial, or by declining to respond to pleadings. Before the defaulting party may enter the litigation, the party must make a showing under § 806.07, STATS., sufficient to reopen the case. If reopened, the court allows the defaulting party to enter into the litigation and the prior order or judgment is vacated.

In contrast, reconsideration assumes that the question has previously been considered. If a party has not yet appeared and presented arguments in the litigation, the court has not considered that party's arguments in the first instance.

In this case, the trial court concluded that Daniel's nonappearance was not due to excusable neglect under §§ 879.31 and 806.07, STATS. The parties do not argue that this finding is erroneous. Absent this showing, Daniel has waived his opportunity to present his argument pertaining to the will construction heard at that hearing. To hold otherwise would allow a litigant to resurrect an issue laid to rest by virtue of waiver, abandonment, stipulation or concession under the guise of reconsideration. Our conclusion provides finality as to orders or judgments rendered by the court and promotes judicial economy by requiring arguments to be presented at the time scheduled in the litigation, except in extreme circumstances. Any injustice this rule affords litigants is justified by these public policy concerns as well as the knowledge that the litigants affected brought about the situation through their own neglect and inaction.[3]

■

Accordingly, we conclude that the court's reconsideration, at Daniel's request, of the will construction was improper. Because Daniel chose not to appear in the action until after his rights were adversely affected, he first needed to obtain relief from the order under §§ 879.31 and 806.07, STATS., before the court could consider his arguments on the merits.[4] However, because

---

[3] We note that our opinion does not address the authority of the court to reconsider a decision upon its own motion.

[4] We note that federal courts handle this problem differently. The comparable statutes are FED. R. CIV. P. 59(e) and 60. FEDERAL R. CIV. P. 59(e), when read in conjunction with FED. R. CIV. P. 52(b), is similar to § 805.17(3), STATS.; and FED. R. CIV. P. 60 is comparable to § 806.07, STATS.

In federal practice, whether a motion after judgment is a motion to alter or amend the judgment under FED. R. CIV. P. 59

the court's reconsideration reached the same conclusion as its prior order, we affirm the probate court's order which denied Daniel relief.

*By the Court.*—Orders affirmed.

(e), or a motion for relief from a judgment under FED. R. CIV. P. 60(b) is simply a matter of when the motion is filed. If it is filed within ten days of judgment, it is under FED. R. CIV. P. 59(e); otherwise it falls under FED. R. CIV. P. 60(b). *United States v. Deutsch*, 981 F.2d 299, 300-02 (7th Cir. 1992).

However, the federal courts' decisions on this subject are merely persuasive authority. *See Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n*, 69 Wis. 2d 1, 11, 230 N.W.2d 243, 248 (1975). Furthermore, neither party addresses this issue. We decline to address the merits of the federal bright-line rule in the absence of arguments by the parties.