Delores BUCHANAN, and James Buchanan, Plaintiffs-Respondents,

v.

GENERAL CASUALTY COMPANY, Defendant,

REGENT INSURANCE COMPANY, Defendant-Respondent,

The ECONOMY COMPANIES, Economy Fire & Casualty Company, Economy Preferred Insurance Company, Economy Premier Assurance Company, Kemper Corporation, Defendants-Respondents-Cross Appellants,

David A. BERNDT, Defendant,

Mary NELSON, and Steven Nelson, Defendants-Respondents,

HMO OF WISCONSIN INSURANCE CORPORATION, Defendant-Appellant-Cross Respondent,†

APWU HEALTH PLAN, American Postal Worker's Union, AFL-CIO, U.S. Office of Personnel Management, and Doe's 1 through 15, Defendants-Co-Appellants-Cross-Respondents.

Court of Appeals

---

†Petition to review denied.

1

*No. 93-3133. Submitted on briefs September 14, 1994.—Decided January 5, 1995.*

(Also reported in 528 N.W.2d 457.)

For the defendant-appellant-cross respondent the cause was submitted on the briefs of *Kristen Korte-Evens* of *O'Donnell Law Office* of Greendale.

For the defendants-co-appellants-cross respondents the cause was submitted on the briefs of *Audrey Skwierawski* of *O'Donnell, Schwartz & Anderson, P.C.* of Washington, D.C.

For the defendants-respondents-cross appellants the cause was submitted on the briefs of *Robert D. Johns, Jr.* of *Johns & Flaherty, S.C.* of La Crosse.

For the Wisconsin Physicians Service Insurance Corporation an amicus curiae brief was submitted by *Terry J. Booth* of *Fellows, Piper & Schmidt* of Milwaukee.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J.  HMO of Wisconsin Insurance Corporation and APWU Health Plan appeal from a judgment dismissing their subrogation claims for their failure to appear at a scheduled court date and to prosecute their claims. HMO and APWU contend the trial court erroneously exercised its discretion by dismissing their subrogation claims because they had already notified the trial court that they would not be appearing in court that day. We conclude that the trial court

4

did not erroneously exercise its discretion by dismissing their subrogation claims after HMO and APWU failed to appear. Consequently, we affirm.[1]

## BACKGROUND

Delores Buchanan was injured in an automobile accident in May 1989. She was a passenger in a car being driven by Mary C. Nelson. HMO and APWU paid $17,281.64 and $27,588.64, respectively, for her medical expenses. Buchanan filed suit in May 1992 to recover damages for personal injuries sustained in the accident. HMO and APWU were named as defendants in the action based upon their subrogation rights.

In March 1993, Buchanan moved for summary judgment, challenging HMO's and APWU's subrogation rights. The trial court denied the motion concluding that "HMO and APWU have paid sums of money to the Buchanans for medical expenses resulting from injuries Delores Buchanan received in the accident." The court reasoned that "the plain meaning of the provisions of the HMO and APWU contracts is to create a contractual right to subrogation up to the amount of the medical benefits paid by the health insurer on behalf of the injured insured."

---

[1] Because we affirm the trial court's dismissal of HMO's and APWU's subrogation claims for their failure to comply with the trial court's scheduling order, we need not reach the issues raised by Economy Preferred Insurance Company, Delores Buchanan's personal uninsured and underinsured carrier, in its cross-appeal. Consequently, we dismiss that cross-appeal.

We also deny the cross-appellant's motion for leave to file a reply brief to the nonparty brief of Wisconsin Physicians Service Insurance Corporation.

The court ordered a September 28, 1993 trial date. By letter dated August 2, 1993, counsel for HMO advised the court:

> Our client HMO . . . is a party to this action because of its subrogation interest. Because our client's involvement and interest in this matter is limited to a subrogation interest, we do not feel that our active participation in the September 28, 1993 trial is necessary. The bills for which we have a subrogation claim for Delores Buchanan have been addressed in our Request for Admissions. All attorneys have admitted to our Requests.
>
> Please let this letter constitute our notice that we will not participate in the September 28, 1993 trial. Unless I hear otherwise from you, I will remain available during the trial but otherwise await the trial outcome.

And, by letter dated September 21, 1993, counsel for APWU advised the court:

> Due to the fact that [APWU's] interest as a party in the above matter is limited to a subrogation claim, [APWU] requests that it be excused from active participation in the upcoming trial scheduled for September 28, 1993.
>
> All parties have received records documenting the amount of [APWU's] lien. Therefore, we will not participate in the upcoming trial unless we hear otherwise from you.

Neither HMO nor APWU confirmed with the court whether they had permission to be excused from trial on that date.

Sometime before September 28, the Buchanans and Regent Insurance Company, Nelson's uninsured and underinsured motorist carrier, and Economy Preferred Insurance Company, Buchanan's uninsured and

underinsured motorist carrier, reached a settlement. On September 28, the Buchanans, Regent and Economy appeared before the trial court and informed it of the settlement. Counsel for HMO and APWU did not appear. After the court approved the settlement, it dismissed with prejudice HMO's subrogation claim for failure to comply with a court order and APWU's subrogation claim for its failure to choose a joinder option. HMO and APWU appeal.

## STANDARD OF REVIEW

We review a trial court's decision to dismiss a claim after a party has violated a court's order for an erroneous exercise of discretion. *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991). The trial court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982). We will reverse a dismissal for noncompliance with a court order only when a party shows "a clear and justifiable excuse" for so doing. *Englewood Community Apartments Ltd. Partnership v. Alexander Grant & Co.*, 119 Wis. 2d 34, 40, 349 N.W.2d 716, 719 (Ct. App. 1984) (quoting *Trispel v. Haefer*, 89 Wis. 2d 725, 733, 279 N.W.2d 242, 245 (1979)).

## FAILURE TO APPEAR

HMO and APWU challenge the trial court's power to dismiss their claims as a penalty for their alleged failure to comply with the court's scheduling order. According to HMO and APWU, a court may dismiss a

7

claim as a sanction for failing to obey its order, but may only do so when that party's conduct is egregious and after that party has been notified of the possible consequences that may result from noncompliance. Since HMO and APWU notified the court that neither party intended to appear and the court did not notify them in turn that their presence was nonetheless required, their failure to appear is not grounds upon which a dismissal may be properly based. We disagree.

The trial court dismissed HMO's claim for failure to comply with a court order. But the court dismissed APWU's claim for its failure to choose a joinder option under § 803.03(2)(b), STATS.[2] The court concluded that because APWU failed to appear and participate, it had not elected a joinder option. Nonetheless, we note that the court's dismissal of APWU's claim was also within its discretionary powers pursuant to § 805.03, STATS., for failure to comply with a court's order. We may affirm a lower court's decision on grounds that differ from those relied upon below. *Chevron Chem. Co. v. Deloitte & Touche*, 176 Wis. 2d 935, 945, 501 N.W.2d 15, 19 (1993). Thus, our analysis will be based on whether dismissing HMO's and APWU's claims for noncompliance with a court order was an erroneous exercise of discretion.

Section 805.03, STATS., provides in part:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any

---

[2] Section 803.03(2)(b), STATS., provides in pertinent part: *"Options after joinder.* Any party joined pursuant to par. (a) may 1. participate in the prosecution of the action, 2. agree to have his or her interest represented by the party who caused the joinder, or 3. move for dismissal with or without prejudice."

order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order.

Under § 804.12(2)(a)3, STATS., a trial court may dismiss a party's claim for failure to appear at a scheduled trial date in direct contravention of a previous court order.

The sanction of dismissal is appropriate only when a party has not complied with a court's order *and* such conduct is egregious. *Johnson*, 162 Wis. 2d at 276, 470 N.W.2d at 864. The party attempting to show that a dismissal is an erroneous exercise of discretion "must demonstrate 'a clear and justifiable excuse' for the delay in prosecuting the case or for the failure to comply with procedure statutes under [§ ] 805.03, STATS." *Englewood*, 119 Wis. 2d at 40, 349 N.W.2d at 719 (quotation omitted).

In determining whether dismissal was proper, we examine the reasons given by the trial court for its decision. At the September 28 hearing, Regent and Economy moved to dismiss HMO's and APWU's claims for failure to prosecute under § 805.03, STATS. The trial court responded,

it's undisputed that . . . the parties in question, HMO and APWU, had notices of the trial . . . and to my knowledge had notice of all the scheduling hearings that we had in this matter . . . have not appeared here today and have indicated by letter that they did not intend to appear. . . . I'll grant the motion under those circumstances . . . .

9

In its order for judgments, the trial court explained that HMO and APWU were joined in the action because of their potential subrogation claims and were obligated under § 803.03(2)(b), STATS., to either: (1) participate in the prosecution of the action; (2) agree to have their interests represented by the party who caused the joinder; or (3) move for dismissal with or without prejudice. The court noted that HMO chose to participate in the litigation but that APWU did nothing.[3] The court stated that despite counsels' letters, it never advised counsel that they were excused from participating in the trial or that their actions thus far were sufficient to entitle them to judgments on their subrogation claims. Consequently, the court dismissed APWU's claim for failure to elect a joinder option. As for HMO, since it did elect a joinder option, i.e., it chose to participate in the action, but it did not appear at trial, the court dismissed its claim for violating the court's scheduling order pursuant to § 805.03, STATS. In so doing, the court explained: "*Such failure is the most substantial violation one could contemplate of the Scheduling Order[,] was made for no justifiable reason and warrants the sanction this court will impose.*" (Emphasis added.)

In response to HMO's and APWU's objections, the trial court issued an addendum to its order for judgments in which it explained:

First, APWU and HMO—at the very least—suggest that they were led to believe their presence at the final pretrial and trial were excused by the court. This is based upon their letters to the court where they unilaterally excused themselves

---

[3] The court cited HMO's answer, counterclaim and cross-claim, but noted that while APWU had moved for leave to file a cross-claim, that claim had never been filed.

from these proceedings and apparently sought to put the onus on the court or other counsel to advise them that their interests might be impaired by their failure to actively participate in the proceedings. This contention must fail, because *it was not the court's role to advise APWU and HMO as to whether it was in their interests to appear at trial; and they had every reason to know from the prior proceedings that the plaintiffs, Regent and Economy were hostile to their subrogation claims.*

(Footnote omitted; emphasis added.)

HMO's and APWU's conduct was egregious and they have failed to present a "clear and justifiable excuse" for their failure to appear. A party failing to appear in court does so at its own peril. A party cannot choose to not appear in court by pronouncing that unless it hears from the court otherwise, it deems itself excused. Writing such a letter is insufficient to excuse a party from appearing and, as this case shows, is a dangerous practice.

HMO's letter stated that it would assume it was excused from appearing unless it heard otherwise from the trial court and that HMO would remain available during the trial and await the trial outcome. HMO contends that this is an offer to make itself available by telephone in accordance with the trial court's condoned practice. We disagree.

The trial court noted:

Attorneys often send letters to one another and judges, which attempt to shift the burden of a response to the recipient. It is one thing, for example, to write a letter to the judge, stating, "In accordance with the usual practice of the court, I will assume that I may appear by telephone for the

11

scheduling conference unless I am hereafter advised to the contrary." It is entirely another to write, "I will assume that I am excused from the trial unless the court hereafter advises me to the contrary." *While the former example is common and condoned by this court and many others, the latter is presumptuous and discourteous and finds no basis in any rule of procedure.*

(Emphasis added.) We agree with the trial court's analysis. And we note that cautious counsel will raise the issue of attendance at trial by motion. This is an easy and inexpensive way to determine in advance the procedure necessary to effect a recovery.

HMO and APWU also contend the dismissal was improper because they received no notice of the possible penalties for their failure to appear. But it is well settled that when a court imposes sanctions for failure to comply with a court order under § 805.03, STATS., no prior notice is required. *Trispel,* 89 Wis. 2d at 736, 279 N.W.2d at 247. *See also Johnson,* 162 Wis. 2d at 280 n.5, 470 N.W.2d at 866. Instead, the statute provides sufficient notice to parties practicing law in this state that a trial court may dismiss a claim for noncompliance with its orders.

Finally, HMO and APWU argue that because their claims were established and undisputed, their appearance at trial was superfluous. In denying Buchanan's summary judgment motion to dismiss the subrogation claims, the trial court did not adjudicate the value of HMO's and APWU's claims. Because Regent's and Economy's answers alleged that Buchanan was negligent for failing to wear lap restraints, the subrogation claims were merely potential claims until the negli-

gence issue was determined. The court noted that HMO and APWU knew that Buchanan, Regent and Economy were hostile to their subrogation claims. Had HMO and APWU appeared in court on September 28, 1993, prepared to try their lawsuits, they could have preserved their rights against Buchanan, Regent and Economy. Had they moved the trial court for an order setting out the procedure should a settlement occur between Buchanan and the principal defendants, they would have been protected. But they failed to appear. The trial court did not erroneously exercise its discretion by dismissing their claims.

*By the Court.*—Judgment affirmed; cross-appeal dismissed.