**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 26, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP2025**

**STATE OF WISCONSIN**

Cir. Ct. No. 2023SC4986

**IN COURT OF APPEALS
DISTRICT I**

FORSYTHE FINANCE, LLC,

PLAINTIFF-RESPONDENT,

V.

JEROME J. CASIMIR,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed.*

¶1     GEENEN, J.[1] Jerome J. Casimir, *pro se*, appeals from the circuit court's denial of his motion to reopen a small claims case after it entered default judgment against him and in favor of Forsythe Finance, LLC (Forsythe), when

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Casimir failed to appear at the hearing on his motion to reopen. Casimir offers reasons for why he did not appear at the motion hearing and argues that the circuit court erred when it denied the motion because it did not consider the merits of the case.[2] We disagree and, for the following reasons, we affirm.

## BACKGROUND

¶2 On February 24, 2023, Forsythe filed a small claims action against Casimir. In the complaint Forsythe alleged that Casimir owed Forsythe, a company in the business of purchasing consumer debt, $6,137.94 because Forsythe was the assignee on a consumer loan on which Casimir defaulted. A verification attesting to the facts in the complaint was appended. The court set a return date for March 24, 2023, and mailed hearing notices to the parties.

¶3 Forsythe's three attempts to personally serve the summons and complaint on Casimir at his last known address prior to the return date were unsuccessful. However, although Casimir was not personally served with the lawsuit, Casimir did receive notices and other documents sent by the court to that same address. Therefore, he appeared at the return date hearing before a Milwaukee County Court Commissioner, *pro se*, on March 24, 2023. The court adjourned that hearing to May 31, 2023, so Forsythe could complete service on Casimir. Forsythe served Casimir via publication and mailed Casimir a copy of the summons and complaint.

---

[2] As discussed in more detail below, the parties also make arguments, which we do not consider, relating to the merits of the default judgment. *See* WIS. STAT. § 799.29(1)(a).

¶4 The publication summons warned that if Casimir did "not attend the hearing, the court may enter a judgment against [him]." It also stated that if he needed reasonable accommodations to participate in the court process, he should contact the court before the scheduled court date. The notice provided Zoom meeting instructions, noting that no password was required, and identified accommodations available to persons who did not have reliable internet or phone service.

¶5 Casimir did not appear at the May 31, 2023 return date hearing. Consequently, the court commissioner granted default judgment in Forsythe's favor.[3] Subsequently, the court sent a Notice of Entry of Judgment to Casimir informing him that judgment was entered against him in the amount of $6,557.94.[4]

¶6 Casimir timely moved to reopen the case. In his motion, Casimir represented that he had believed that Forsythe was going to personally serve him, and that service by publication was improper. Casimir admitted that he received a copy of the summons and complaint, and a separate notice of hearing for the May 31, 2023 hearing. He alleged that he did not have the access code to enter the Zoom hearing room. Casimir also alleged that he has a medical condition that makes him disabled, citing injuries from two years prior, and explained that he had phone trouble.

---

[3] When a defendant fails to appear on the return date, the court commissioner "may enter a judgment upon due proof of facts which show the plaintiff [is] entitled thereto." WIS. STAT. §§ 799.206(2), 799.22(2).

[4] The judgment also included attorney fees and other costs.

¶7 In an affidavit accompany his motion, Casimir denied owing Forsythe the debt it claimed, demanded that Forsythe produce the contract underlying the debt, and denied that Forsythe was the actual creditor. He also alleged that he may have been the victim of identity theft and online lending fraud.

¶8 Casimir appeared at the July 21, 2023 hearing conducted by a court commissioner to screen the motion to reopen. As a result of the hearing, the court commissioner entered an order advising the parties that the motion to reopen would be referred to the presiding judge and was scheduled for an in-person hearing at 8:30 a.m. on October 26, 2023.

¶9 Casimir did not appear at the motion hearing and did not contact the court prior to the hearing. The circuit court denied Casimir's motion to reopen due to his failure to appear and prosecute the motion.[5]

¶10 Casimir appeals.

## DISCUSSION

¶11 On appeal, Casimir argues the merits of his motion to reopen and his defenses to Forsythe's complaint. He further contends that, because default judgment is disfavored, the circuit court erroneously exercised its discretion when it denied Casimir's motion to reopen.

---

[5] Casimir subsequently attempted to obtain another hearing on his motion to reopen. Casimir filed a handwritten motion and, on appeal, explains that he was told by the clerk's office that he would have to appeal instead of move the circuit court for further relief. The circuit court did not address Casimir's motion and Casimir does not argue that it should have, so we do not discuss it further.

¶12    In response, Forsythe asserts that Casimir failed to show good cause to reopen the case.  It also contends that the matter is not ripe for appeal because the case was never decided on the merits.  Additionally, Forsythe responds to Casimir's claims on the merits.[6]

¶13    As a threshold issue, under the rules of procedure applicable in small claims actions,[7] "[t]here shall be no appeal from default judgments, but the [circuit] court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown."  WIS. STAT. § 799.29(1)(a).  We independently note that we lack jurisdiction over the parties' arguments relating to the merits or sufficiency of the complaint and the circuit court's entry of default judgment.  *See Thomas/Van Dyken Joint Venture v. Van Dyken*, 90 Wis. 2d 236, 241, 279 N.W.2d 459 (1979) ("If the judgment is not appealable, this court is without jurisdiction to consider the merits of the controversy.")  The only issue before this court is Casimir's claim that the circuit court erroneously exercised its discretion when it denied his motion to reopen.

¶14    We will not reverse an order denying a motion to reopen a default judgment unless the circuit court erroneously exercised its discretion.  *Gaertner v.*

---

[6] Forsythe's arguments are unsupported by citations to case law or relevant statutes that demonstrate a proper application of the law to the facts.  This court is not required to consider undeveloped arguments, and does not here.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (holding that the court of appeals need not address arguments that are only supported by general statements, are unsupported by citations to legal authority, or are otherwise inadequately briefed.)

[7] The legislature prescribed specific procedures applicable to small claims proceedings at WIS. STAT. ch. 799.  WIS. STAT. § 799.01(1).  The rules of civil procedure therefore apply only where permitted by Chapter 799 or to supplement the small claims procedures where the small claims provisions are silent.  WIS. STAT. §§ 799.04(1), 801.01(2); *see also King v. Moore*, 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980).

***880 Corp.***, 131 Wis. 2d 492, 500, 389 N.W.2d 59 (Ct. App. 1986). A discretionary determination will not be disturbed if the record reflects that the circuit court made a reasoned application of the appropriate legal standard to the relevant facts. ***Hedtcke v. Sentry Ins. Co.***, 109 Wis. 2d 461, 471, 326 N.W.2d 727 (1982). "We generally look for reasons to sustain a circuit court's discretionary determination." ***Miller v. Hanover Ins. Co.***, 2010 WI 75, ¶30, 326 Wis. 2d 640, 785 N.W.2d 493.

¶15 Here, the record reflects that Casimir did not show up at the hearing on his motion to reopen the default judgment entered against him for his failure to appear at the return date hearing. At the motion hearing, the circuit court denied Casimir's motion explaining that "there's been no appearance by Mr. Casimir. He has not called my clerk. He has not checked in with my bailiff. And so based on the failure to appear and prosecute his motion, the [c]ourt denies the motion."

¶16 Although Casimir argues that the circuit court erred because the law disfavors default judgments and he has a meritorious defense, he would have been able to present that defense if he had rescheduled or appeared at the hearing. "A party failing to appear in court does so at its own peril," and one cannot unilaterally excuse himself or herself from appearing at a proceeding. ***Buchanan v. General Cas. Co.***, 191 Wis. 2d 1, 10-11, 528 N.W.2d 457 (Ct. App. 1995). It is in the interest of the court system that cases proceed as scheduled, barring extraordinary circumstances. ***O'Neill v. Buchanan***, 186 Wis. 2d 229, 235, 519 N.W.2d 750 (Ct. App. 1994).

¶17 The burden was on Casimir to demonstrate that there was good cause to reopen the default judgment which required his participation in the litigation of his motion. *See* ***Carmain v. Affiliated Cap. Corp.***, 2002 WI App 271,

¶23, 258 Wis. 2d 378, 654 N.W.2d 265; WIS. STAT. § 799.29(1)(a). The circuit court was well within its authority to deny Casimir's motion to reopen for failing to appear at the hearing as ordered. *See* WIS. STAT. § 805.03; *see also **Evelyn C. R. v. Tykila S.**,* 2001 WI 110, ¶17, 246 Wis. 2d 1, 629 N.W.2d 768.

¶18 While the law prefers affording litigants their day in court whenever *reasonably* possible, it does not require courts to bend over backwards for litigants who fail or refuse to appear at scheduled hearings. *See **Casper v. American Int'l S. Ins. Co.**,* 2011 WI 81, ¶38, 336 Wis. 2d 267, 800 N.W.2d 880. Casimir failed to attend a hearing that was necessary because of, and exclusively caused by, his failure to attend the return date hearing, and he failed to notify the court in advance of both hearings. Attending *either* of the missed hearings would have afforded him his day in court. Therefore, we conclude that the circuit court did not err by denying Casimir's motion to reopen.

## CONCLUSION

¶19 We conclude that the circuit court did not erroneously exercise its discretion by denying Casimir's motion to reopen on the grounds that he did not attend the hearing to litigate his motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.