COURT OF APPEALS
DECISION
DATED AND FILED

November 18, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP636**

Cir. Ct. No. 2023CV6392

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

CITY OF GLENDALE,

PLAINTIFF-RESPONDENT,

V.

LINDA REED,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. On appeal, Linda Reed, pro se, argues, among other things, that the circuit court erred when it granted summary judgment in favor of the

City of Glendale ("the City") and found Reed in default on claims related to her noncompliant fence because she failed to appear at the summary judgment hearing. Specifically, Reed asserts that she was not given proper accommodations to ensure her attendance in court and that the real controversy was not fully tried. As explained below, we disagree with Reed, and therefore, we affirm.

## BACKGROUND

¶2      The City filed its lawsuit against Reed in 2023, alleging that a fence Reed had partially erected alongside her home violated City ordinances and encroached on her neighbor's property. The City sought a court order to remove the fence at Reed's expense.

¶3      In response, Reed filed a motion to dismiss the City's lawsuit. Soon after, the City filed a motion for summary and declaratory judgment on its claim. The City included an affidavit from the zoning administrator and director of community development for the City, and a certified survey of the property lines where the fence was located that confirmed the boundary lines between Reed's and her neighbor's property, and showed that Reed's fence encroached on her neighbor's property. Reed did not submit evidence or a written response to the City's motion.

¶4      The case proceeded to a status and scheduling conference on October 18, 2023. Prior to that hearing, Reed submitted several requests to the circuit court for accommodations related to her attendance at the hearing, including a request that counsel be appointed to represent her and that she be allowed to appear by Zoom. The court permitted Reed to appear at the status conference by Zoom, however, Reed was unable to successfully appear by Zoom, despite seeking assistance from several people. She eventually contacted the court and appeared by

phone. During her phone call with the court, Reed was "at best, belligerent" to the clerk, and continually talked over the court. The court noted that Reed had been unable to appear by Zoom in a workable manner, that the courthouse was accessible, and that Reed did not have any disabilities that prevented her from appearing in court. The court, for those reasons, indicated that the hearing on the motions would be rescheduled, and that all appearances would be in person. The court stated on multiple occasions that the hearing would be in person, and specifically warned:

> Ms. Reed, if you are not here, if you do not come to court, if there's not leave of court for you not to appear, I will tell you that there's a chance the motion will be granted. It could be granted or not if you appear, but if you fail to appear, I'm sure, beyond the reasons [the City] already has [it]'s also going to ask for a default. So you need to be here on November 13th, 11:00, room 206 of the courthouse.

¶5 The circuit court then sent a notice of hearing confirming the November 13 hearing date for the City's motion for summary judgment and Reed's motion to dismiss. The notice of hearing similarly warned that a failure to appear may result in default. It specified:

> THIS HEARING IS ON PLAINTIFF'S MOTION FOR SUMMARY/DECLARATORY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS. THIS IS AN IN[-]PERSON HEARING. IF A NON-APPEARANCE IS ENTERED, COURT MAY FIND PARTY IN DEFAULT.

¶6 Reed did not appear at the November 13 hearing, but the City did. The City asked the court to deny Reed's motion to dismiss and grant its summary judgment motion to allow the City to remove the fence; it also asked the circuit court to leave the case open so that it could amend the complaint to add additional noncompliance claims against Reed. In ruling on the City's requests, the circuit court first noted Reed's absence and explained that an in-person hearing was necessary because of Reed's previous conduct. It further noted that Reed did not

3

file anything that the court "would consider to be a competent response or intelligent response," and then found Reed "effectively if not literally" in default, noting that

> [Reed] appeared by phone at the last date. She refused to cooperate, refused to talk to my clerk, refused to engage on any of the issues in this case, refused to argue either against or for any motions that have been filed, and today she's not appeared, whatsoever. It's now almost 11:45. She's not written to the court, not called my clerk, not emailed and done nothing to advise of her non-appearance.

The circuit court denied Reed's motion to dismiss and granted the City's motion for summary judgment. In its written order, the court also found that Reed's "failure to appear for oral argument and failure to answer the complaint both independently support default judgment against the defendant[.]"

¶7 The City subsequently amended its complaint, alleging two new claims of ordinance violations, and moved for summary judgment on those claims.

¶8 In the meantime, Reed filed several motions that asked the circuit court to, among other things, grant relief from the default judgment and summary judgment, and extend the time to file an answer. Reed did not obtain a hearing date or file a notice of hearing for any of these filings, and they were never advanced or prosecuted in the action.

¶9 Before the circuit court heard the City's summary judgment motion on the amended complaint, the City removed Reed's fence and notified the court that the other alleged ordinance violations were remedied. The City therefore

withdrew its motion and told the court that it would like the case dismissed, asserting that Reed's motion to set aside the default judgment "is also moot at this juncture."[1]

¶10    The case was subsequently dismissed on the merits and without costs to any party.

¶11    Reed appeals from the dismissal order "and any other order the court granted to the city of Glendale against her because no trial was held."

## DISCUSSION

¶12    Reed raises many arguments on appeal, and after disregarding those that are insufficiently developed, conclusory, or irrelevant,[2] two questions remain before this court: whether the circuit court erroneously exercised its discretion when it entered judgment against Reed on the fence claim when she failed to appear at the November 13 hearing, and whether the circuit court erred when it subsequently dismissed the amended complaint and the case.

¶13    Reed complains that the circuit court erred when it granted default and summary judgment in the City's favor because she was not allowed to present

---

[1] Presumably, the City's contention was that the removal of the fence mooted Reed's motion for reconsideration or relief from judgment. However, on appeal, the City did not allege that the dispute was moot. Although appellate courts generally decline to address moot issues, *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶29, 317 Wis. 2d 656, 766 N.W.2d 559, because the City did not address mootness on appeal, we decline to find the dispute moot.

[2] Although we make some allowances for a pro se litigant, "[o]ur obligation does not extend to creating an issue and making an argument for the litigant." *State ex rel. Harris v. Smith*, 220 Wis. 2d 158, 165, 582 N.W.2d 131 (Ct. App. 1998). This court need not address an argument that is insufficiently developed or poorly supported. *Barakat v. DHSS*, 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995); *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). To the extent we have not addressed an argument raised on appeal, the argument is deemed rejected. *State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).

evidence at a trial. As for her absence at the in-person hearing, Reed explains that she did not attend because the circuit court denied her requested accommodations.

¶14 In response, the City contends that the circuit court had adequate grounds to enter judgment against Reed on both procedural and substantive grounds, whether individually or taken together, due to her failure to appear after several warnings, and based on the undisputed record evidence. We agree with the City.

¶15 A circuit court has the inherent authority to dismiss actions or grant default judgment when a party has interfered with the orderly administration of justice, upon a finding of egregious conduct that justifies such a sanction. *Buchholz v. Schmidt*, 2024 WI App 47, ¶62, 413 Wis. 2d 308, 11 N.W.3d 212. A party's failure to comply with a court order is egregious conduct when there is no "'clear and justifiable excuse[.]'" *Industrial Roofing Servs., Inc., v. Marquardt*, 2007 WI 19, ¶43, 299 Wis. 2d 81, 726 N.W.2d 898 (citation omitted).

¶16 "We examine the circuit court's decision to grant a default judgment under the erroneous exercise of discretion standard." *Carmain v. Affiliated Cap. Corp.*, 2002 WI App 271, ¶11, 258 Wis. 2d 378, 654 N.W.2d 265. A circuit court that bases its decision on the facts of record and on the application of a correct legal standard does not erroneously exercise its discretion. *Larry v. Harris*, 2008 WI 81, ¶15, 311 Wis. 2d 326, 752 N.W.2d 279. We will reverse a dismissal for noncompliance with a court order only when a party shows "a clear and justifiable excuse" for its noncompliance. *Buchanan v. General Cas. Co.*, 191 Wis. 2d 1, 7, 528 N.W.2d 457 (Ct. App. 1995) (citations omitted).

¶17 Reed knew of the hearing date and knew the circuit court required her to appear in person. Though she complains that the various—and sometimes conflicting—accommodations she sought were not granted, Reed does not make

any meaningful allegation that she was physically unable to appear.[3] She simply did not show up. It is in the interest of the court system that cases proceed as scheduled, barring extraordinary circumstances. *O'Neill v. Buchanan*, 186 Wis. 2d 229, 235, 519 N.W.2d 750 (Ct. App. 1994). A "party failing to appear in court does so at its own peril"; one cannot unilaterally excuse oneself from appearing at a proceeding. *Buchanan*, 191 Wis. 2d at 10-11. Reed cannot establish a clear and justifiable excuse for her failure to appear at the November 13 hearing.

¶18 Although Reed contends that the circuit court granted judgment "without warning," the record conclusively reflects otherwise. The circuit court, on the record, clearly and explicitly warned Reed one month prior to the hearing that if she failed to attend, the City would likely ask for judgment in its favor, which the court would likely grant. Additionally, the hearing notice warned in all capital letters:

> THIS HEARING IS ON PLAINTIFF'S MOTION FOR SUMMARY/DECLARATORY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS. THIS IS AN IN[-]PERSON HEARING. IF A NON-APPEARANCE IS ENTERED, COURT MAY FIND PARTY IN DEFAULT.

¶19 Reed's claim that she was not allowed the opportunity to present evidence about property lines, or in support of her various other defenses, or to challenge the City's fence claim, is an arguable due process claim. However, due process does not require that the defendant in every civil case actually have a hearing on the merits; rather, it requires that the defendant have an opportunity to present evidence at a meaningful time and in a meaningful manner. *Boddie v. Connecticut*,

---

[3] A party's desire for a remote appearance is irrelevant. Litigants have always been required to appear in court, in person, with few exceptions, and in-person attendance remains the default. Furthermore, the circuit court made express findings regarding why a remote appearance was improper under the circumstances here.

401 U.S. 371, 378 (1971). Default may be entered against a defendant who, after adequate notice, fails to make a timely appearance. *Id.* Whether a party was afforded due process is a legal question that we review de novo. *Xerox Corp. v. DOR*, 2009 WI App 113, ¶12, 321 Wis. 2d 181, 772 N.W.2d 677.

¶20 We are satisfied that Reed was afforded due process. She was provided with a meaningful opportunity to present evidence at a hearing, was explicitly ordered to attend that hearing, was given multiple warnings about the consequences of not attending, but nevertheless failed to appear. The circuit court was not required to allow Reed a do-over. *See, e.g.*, *Casper v. American Int'l S. Ins. Co.*, 2011 WI 81, ¶38, 336 Wis. 2d 267, 800 N.W.2d 880 (holding that while the law prefers to allow litigants their day in court whenever reasonably possible, it does not require courts to bend over backwards for litigants who fail or refuse to appear at scheduled hearings).

¶21 The record reflects that the circuit court reviewed the relevant facts and reached a conclusion that a reasonable judge might reach. Reed had notice of the hearing and the in-person attendance requirement, was provided notice of possible consequences if she failed to appear, then failed to appear, and cannot establish a clear and justifiable excuse for her non-appearance. In the absence of such an excuse, and in light of the circuit court's consideration of the City's uncontested evidence in support of its summary judgment motion, the circuit court did not err when it granted default judgment and summary judgment in the City's favor.

¶22 Having concluded that the circuit court did not err when it entered judgment in the City's favor on the fence claim, we turn to the circuit court's dismissal of the case. Reed's argument is that the fence claim should have been

8

tried—an issue which was conclusively resolved by our holding above that the circuit court did not err in granting the City default and summary judgment on the fence claim. Reed does not develop any other argument regarding the dismissal of the case, and we do not develop an argument for her. *See **State ex rel. Harris v. Smith***, 220 Wis. 2d 158, 165, 582 N.W.2d 131 (Ct. App. 1998).

¶23 In sum, Reed's arguments on appeal are generally underdeveloped, conclusory, irrelevant, or otherwise unsupported by the record and the law, and therefore, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.