# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 3, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2026AP208**

Cir. Ct. No. **2025SC2442**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

COMMUNITY FIRST CREDIT UNION,

    PLAINTIFF-RESPONDENT,

V.

JASON MICHAEL MATHE,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed.*

¶1    LAZAR, J.[1]  Jason M. Mathe, pro se, appeals from a circuit court order denying his motion to reopen a small claims case after the court entered a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

default judgment against him and in favor of Community First Credit Union (Community First).

## BACKGROUND

¶2     Community First held a lien on Mathe's 2016 Ford F150 truck.  In August 2025, it sent a Notice of Right to Cure Default to Mathe by United States Postal Service (USPS) Certified Mail and regular mail to an address on Higgins Avenue in Neenah.  The certified mail to the Higgins Avenue address was unclaimed and marked "UNABLE TO FORWARD[.]"[2]  In early September 2025, Community First sent another Notice of Right to Cure Default to Mathe, again by both USPS Certified Mail and regular mail, to an address on Meadow Street in Oshkosh.  The certified mail to the Meadow Street address was delivered.  The Notice of Right to Cure Default set a deadline of September 26, 2025 for Mathe's full payment on the default amount or Community First would repossess the truck.

¶3     Prior to filing the initial pleadings, Community First obtained Experian "Skip Trace" reports to confirm Mathe's address.  The reports showed that the best address was the Meadow Street address, and they showed that the Higgins Avenue address was only valid through October 16, 2024.

¶4     Thereafter, Community First filed a small claims replevin action in Winnebago County in early October 2024.  The original date for appearance was set for November 5, 2025.  In the interim, Community First unsuccessfully attempted to serve Mathe at the Meadow Street address three times through

---

[2] With respect to the Notice of Right to Cure Default sent to the Higgins Avenue address, Community First states, "the regular mail [to Higgins] was not returned so it is assumed proper notice was given."

mid-October 2025.[3]  On November 5, 2025, Community First provided notice to Mathe through publication of the summons in the Oshkosh Northwestern, a daily newspaper published in the city of Oshkosh, which listed the new appearance date now set for November 19, 2025.  The publication summons warned that if Mathe did "not attend the hearing the court may enter a judgment against [him]."  Mathe learned of the action, because on November 17, 2025, he filed a motion to dismiss for improper service among other claims,[4] which the court commissioner denied on November 21, 2025, noting that the hearing notice stated that "PARTIES SHALL APPEAR IN PERSON[.]"

¶5    Mathe did not appear on November 19, 2025.  Consequently, the court commissioner granted default judgment against Mathe in Community First's favor.  Subsequently, the circuit court sent a Notice of Entry of Judgment to Mathe at the Meadow Street address and issued a writ of replevin for seizure of the truck and listed the Meadow Street address as the location where the truck could be found.

¶6    On November 24, 2025, Mathe requested a de novo hearing pursuant to WIS. STAT. § 799.207(2) and (3)(c).[5]  The court commissioner denied the

---

[3]  On the final attempt, the person who answered the door advised that Mathe did not live there.

[4]  Parties to the case received email notification on November 18, 2025 that Mathe had "registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically."

[5]  Mathe subsequently filed several other unsuccessful motions, including:

- A **Motion to Stay Enforcement** filed on November 21, 2025, was denied on November 24, 2025, in which the court commissioner stated, "[Mathe] failed to appear for [the] known hearing on [November 19, 2025].  [Mathe] submitted [the] motion [to dismiss] on [November 17, 2025] but did not object to service for [the November 19, 2025] hearing."

(continued)

request on December 1, 2025: "[j]udgment shall be entered immediately if it[']s entered by default pursuant to [§] 799.207(2)(a). If otherwise, it would defeat the purpose and intent of a circuit court commissioner (CCC) procedure. Litigants would not appear before CCC and just de novo the default to circuit court."

¶7      However, the court commissioner granted Mathe's November 21, 2025 Motion to Reopen Small Claims Judgment and set the hearing for December 10, 2025.[6] At the hearing, the court commissioner issued an oral ruling denying the motion finding "service was sufficient."[7] The court issued a written denial of the motion on December 11, 2025.

---

- **A Motion to Vacate Judgment** filed on November 21, 2025, was likewise denied on November 24, 2025, which reiterated, "[Mathe] failed to appear for [the] known hearing on [November 19, 2025]. [Mathe] submitted [the] motion [to dismiss] on [November 17, 2025] but did not timely object to service for [the November 19, 2025] hearing."

- **A Motion to Reconsider** filed on November 24, 2025, in which Mathe stated he "respectfully moves the [c]ourt to reconsider the … declined ruling entered November 24, 2025. The ruling is based on the incorrect assumption that [Mathe] had notice of the November 19[, 2025] hearing and failed to timely object to service. [Mathe] was never properly served and never received notice sufficient to appear or object." The court commissioner denied the motion on November 26, 2025, stating, "[Mathe] e-filed [the] motion [to dismiss] on [November 17, 2025]. [Mathe] was aware of [the] case prior to [the November 19, 2025] hearing."

- **An Emergency Motion to Stay Execution of Writ of Replevin** filed on November 24, 2025, and denied on November 25, 2025.

[6] The order granting the hearing listed Meadow Street as Mathe's address. Subsequently, Mathe noticed the court of his "correct" address on Higgins Avenue, and the court acknowledged the change of address for Mathe on December 16, 2025.

[7] The court commissioner's oral ruling becomes a judgment eleven days after the oral ruling unless a timely Demand for Trial is filed. *See* WIS. STAT. § 799.207(2), (2)(b).

4

¶8 Mathe timely filed a Demand for Trial motion, pursuant to WIS. STAT. § 799.207(3)(c), on December 11, 2025. The circuit court granted the motion and scheduled the de novo trial for January 20, 2026. At the trial, Mathe acknowledged he knew about the case two days prior to the November 19, 2025 hearing, when he submitted the motion to dismiss. When the court asked Mathe about his not appearing at the November hearing, Mathe said he "had less than two days notice." The court noted that Mathe "opted in" on November 18 and that he filed the motion to dismiss on November 17, 2025, stating, "[y]ou knew about the hearing and you didn't show up" and "you haven't told anyone any good cause why you didn't show up." Thus, it found that Mathe did not show any good cause to reopen the matter. After the hearing, the court issued its written order, stating it "[did] not find any good cause to reopen" and denied the motion. Mathe timely appealed.[8]

## DISCUSSION

¶9 On appeal, Mathe claims that without proper service, the circuit court lacked personal jurisdiction over him and that under WIS. STAT.

---

[8] Mathe filed a "MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL" on January 20, 2026. The circuit court denied it on January 21, 2026 and issued a writ of replevin identifying the Higgins Avenue address as the location where the property could be found. On January 22, 2026, Mathe notified the court that Community First attempted repossession of the vehicle.

Mathe also filed an "EMERGENCY MOTION TO STAY AND QUASH WRIT OF REPLEVIN AND MOTION TO VACATE VOID JUDGMENT" that the circuit court denied on January 22, 2026.

On February 9, 2026, Mathe submitted to this court an "EMERGENCY MOTION FOR STAY PENDING APPEAL" that this court treated as an appeal of the previous two motions and denied, stating, "[w]e are not persuaded that the appellant's motion demonstrates an erroneous exercise of discretion by the circuit court."

§ 806.07(1)(d), the judgment against him is void. In response, Community First contends that Mathe's claim is irrelevant to the issue that is central to the motion to reopen, which is whether Mathe has good cause for failing to appear at the November 19, 2025 hearing. *See* WIS. STAT. § 799.29(1). Notably, the circuit court did not reach Mathe's claim and decided the motion to reopen on the basis of good cause (or lack thereof).

¶10 This court will not reverse an order denying a motion to reopen a default judgment unless the circuit court erroneously exercised its discretion. *Gaertner v. 880 Corp.*, 131 Wis. 2d 492, 500, 389 N.W.2d 59 (Ct. App. 1986). A discretionary determination will not be disturbed if the record reflects that the circuit court made a reasoned application of the appropriate legal standard to the relevant facts. *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 471, 326 N.W.2d 727 (1982).

¶11 In support of his claim that the default judgment against him should be set aside as void, Mathe cites to *Neylan v. Vorwald*, 124 Wis. 2d 85, 368 N.W.2d 648 (1985), which examines the applicability of WIS. STAT. § 806.07(1)(d) in a personal injury action. *See Neylan*, 124 Wis. 2d at 86-87. Mathe does not cite any authority for the applicability of § 806.07 to small claims actions. Relief from default judgments in small claims actions is governed by WIS. STAT. § 799.29 ("There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown." Sec. 799.29(1)(a)).

¶12 The burden was on Mathe to demonstrate that there was good cause to reopen the default judgment from the hearing that required his participation in the litigation of the motion to dismiss. *See Carmain v. Affiliated Cap. Corp.*,

2002 WI App 271, ¶23, 258 Wis. 2d 378, 654 N.W.2d 265; WIS. STAT. § 799.29(1)(a). The Record reflects that Mathe did not show up at the November 19, 2025 hearing.[9] The only basis Mathe offers for nonappearance is his mistaken belief that his attendance was not required because he "had less than two days notice." "A party failing to appear in court does so at its own peril[,]" and one cannot unilaterally excuse himself or herself from appearing at a proceeding. *Buchanan v. General Cas. Co.*, 191 Wis. 2d 1, 10-11, 528 N.W.2d 457 (Ct. App. 1995). The circuit court found that Mathe did not offer any good cause to reopen the judgment and denied the motion, and this court concludes it did not err in its finding.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[9] Although the Record does not contain the transcript of that hearing, it can be assumed the court commissioner denied Mathe's motion to dismiss because Mathe did not appear. *See Jensen v. McPherson*, 2004 WI App 145, ¶6 n.4, 275 Wis. 2d 604, 685 N.W.2d 603 ("[W]hen an appellate record is incomplete in connection with an issue raised by the appellant, [the court of appeals] must assume that the missing material supports the trial court's ruling." (citation omitted)); *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979) (stating that in the absence of a transcript, appellate courts will accept the factual record recited by the trial court). The court record entries also support this assumption: "Court rejects [Mathe's] Motion to Dismiss due to non-appearance." If he had appeared, he would have been able to present his motion to dismiss, which contained his defense against personal jurisdiction.